■ In the Matter of the Claim of ADOLPHUS HAILSTORK, Appellant, v. CAYUGA COUNTY COUNCIL, INC., BOY SCOUTS OF AMERICA, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* This is an appeal by the claimant from a decision of the Workmen's Compensation Board which reversed a Referee's decision and award of compensation benefits and disallowed the claim. The decedent, a 72-year-old man, was employed as a cook at the employer's Boy Scout camp. In July, 1958, while preparing a meal, he turned to walk away from a table where he had been standing and fell to the floor. On subsequent medical and X-ray examinations it was found that he had sustained a fracture of the right femur. As to the facts preceding the fall the decedent's testimony was vague and fragmentary; he referred to "turning fast", a "misstep or something" and to one foot's striking the other. He also said: "I fell — just fell, that's all. I can't explain how." He did claim, however, categorically that his leg was not broken until he fell to the floor. Dr. Farrow, an orthopedic surgeon, had treated the decedent in 1957 for a fracture of the right femur "which was considered at that time to be a pathological fracture through an area of extensive Paget's disease." Dr. Farrow stated in his report: "This elderly man shows multiple areas of Paget's Disease in his bony skeleton, notably in the right femur, where he has sustained three separate pathological fractures at different times." The last of the three fractures referred to was the fracture here in issue. Dr. Delahanty, who limited his practice to orthopedics, first

saw the decedent on the day of the accident. In his attending physician's report Dr. Delahanty stated: "this patient turned in order to get something from a table, his leg gave way and he fell to the floor. In my opinion the man fractured his leg before falling." At the hearing the doctor testified as follows: "Q. Doctor, then it is your opinion that the fracture caused the fall rather than the fall causing the fracture? A. That is my opinion." The claimant's witness, Dr. Kalamarides, said that pathological fracture and spontaneous fracture were both misnomers and that either had to be initiated by a "minor injury or a major injury * * * of some kind." The doctor expressed the opinion that the decedent's fracture was caused not by Paget's disease but by some prior twisting action of the leg. This case is somewhat similar to *Matter of Hammersley* v. *Weinstein* (1 A D 2d 711), wherein we said: "There was medical proof to support the view that the fracture of the claimant's left leg was attributable solely to the Paget's disease, without any aggravating trauma. The record presents only a question of fact and, the findings of the board being supported by substantial evidence, the decision of the board must be affirmed." In the instant case in the exercise of its fact-finding power the board could properly accept the testimony of two experts and the reasonable inferences to be drawn therefrom and reject that of the other expert (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529; *Matter of Nowicki* v. *Allegheny Ludlum Steel Corp.*, 21 A D 2d 946). The record leaves us no course but to affirm (Workmen's Compensation Law, § 20). Decision affirmed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.